United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 06-60350
Summary Calendar

---

CARLOS ENRIQUE TIENDA-RAMOS,

Petitioner,

versus

ALBERTO R. GONZALES, U S ATTORNEY GENERAL

Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals
(A79 549 429)

_____

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tienda-Ramos, a native of Mexico illegally present in the United States, petitions

for review of a final order of removal by the Board of Immigration Appeals ("BIA")

affirming the decision of the Immigration Judge ("IJ"). Reviewing the BIA's conclusions

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

of law de novo while granting Chevron[1] deference to its reasonable interpretations of the Immigration and Naturalization Act ("INA"), Mortera-Cruz v. Gonzales, 409 F.3d 246, 250 (5th Cir. 2005), we deny review for the following reasons:

1.  Tienda-Ramos seeks adjustment of status from that of an illegal alien physically present in the United States to that of a lawful permanent resident under INA § 245(i), 8 U.S.C. § 1255(i). The BIA affirmed the IJ's denial of Tienda-Ramos's application for status adjustment because, having reentered the country without admission after prior unlawful presence for an aggregate period of more than a year, Tienda-Ramos is inadmissible under INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I), a grounds of inadmissibility for which there is no waiver.

2.  We have previously upheld as reasonable the BIA's interpretation that compliance with the requirements of INA § 245(i) does not cure inadmissibility under INA § 212(a)(9)(C)(i)(I). Mortera-Cruz, 409 F.3d at 256. We are aware that the Ninth Circuit holds that INA § 245(i) trumps inadmissibility stemming from the aggregate of one year of unlawful presence under INA § 212(a)(9)(C)(i)(I),[2] but that is not the law in this circuit.

_____

[1] Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837, 104 S. Ct. 2778 (1984).

[2] See Acosta v. Gonzales, 439 F.3d 550, 556 (9th Cir. 2006).

3.      We have also previously rejected Tienda-Ramos's argument that permitting § 245(i) waiver of certain § 212 grounds of inadmissability while denying waiver for § 212(a)(9)(C)(i)(I) runs afoul of equal protection safeguards, finding one-violation aliens and multiple-violation aliens dissimilarly situated.  <u>Mortera-Cruz</u>, 409 F.3d at 255-56.

PETITION DENIED.